IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID H. JACOB, <br><br> Petitioner, <br><br> vs. <br><br> KERRIE WITTY, Facility Head; and U.S. VETERANS ADMIN. HOSPITAL, <br><br> Respondents. | 8:22CV135 <br><br><br> **MEMORANDUM AND ORDER** |

Plaintiff is an inmate at the Nebraska State Penitentiary. The court has granted Plaintiff permission to proceed in forma pauperis (Filing 8), and the court now conducts an initial review of the Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.  SUMMARY OF COMPLAINT

Plaintiff's Complaint alleges that he and his brother are currently litigating their now-deceased father's amended trust in Illinois state court. An issue in that litigation is Plaintiff's father's physical and mental health at the time the trust was amended. In the course of that litigation, Plaintiff had Illinois and Nebraska state-court subpoenas issued to Defendants Kerrie Witty and the Veterans Administration Hospital in Lincoln, Nebraska, to obtain his father's hospital records—specifically, "mental health evaluations and medications and all surgical procedures since 2000." (Filing 1 at CM/ECF p. 7.) Plaintiff has not received a response to the subpoenas.

Plaintiff's Complaint is entitled "Motion to Compel Production of Documents per Administrative Procedures Act" in which he asks this court to order Defendants to comply with the state-court-issued subpoenas for documents. Plaintiff states that

he brings this lawsuit under 28 U.S.C. § 1361 (Westlaw 2022)[1]; 5 U.S.C. § 702 (Westlaw 2022)[2]; and Fed. R. Civ. P. 37 (Westlaw 2022) (motion for order compelling discovery). (Filing 1 at CM/ECF p. 1.)

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

---

[1] The Mandamus Act provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. As the Eighth Circuit has explained:

> A district court may grant a writ of mandamus *only in extraordinary situations* and only if: (1) the petitioner can establish a clear and indisputable right to the relief sought, (2) the defendant has a nondiscretionary duty to honor that right, and (3) the petitioner has no other adequate remedy. *In re SDDS, Inc.,* 97 F.3d 1030, 1034 (8th Cir. 1996). Further, whether a writ of mandamus should issue is largely a matter *within the district court's discretion. See In re MidAmerican Energy Co.,* 286 F.3d 483, 486 (8th Cir. 2002) (per curiam).

*Castillo v. Ridge,* 445 F.3d 1057, 1060-1061 (8th Cir. 2006) (emphasis added).

[2] The Administrative Procedure Act ("APA") provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. This includes judicial review to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

"[S]tate courts lack authority to enforce subpoenas against the federal government." *Kwan Fai Mak v. F.B.I.*, 252 F.3d 1089, 1090 (9th Cir. 2001); *see also Santini v. Herman*, 456 F. Supp. 2d 69, 71 (D.D.C. 2006) ("In state court, sovereign immunity shields the federal government, thereby preventing the state court from enforcing a subpoena.")

> [W]here a subpoena is issued to a non-party federal government agency in conjunction with litigation in state court, the state court may not enforce the subpoena against the federal government due to federal sovereign immunity . . . . Instead, courts have explained that, to obtain federal judicial review of a federal agency's refusal to release information, "a state-court litigant must request the documents from the federal agency pursuant to the agency's regulations," and that if "the agency refuses to produce the requested documents, the sole remedy

3

for the state-court litigant is to file a collateral action in federal court under the APA." *Houston Bus. Journal,* 86 F.3d at 1212.

*Commonwealth of Puerto Rico v. United States*, 490 F.3d 50, 61 (1st Cir. 2007).

In order to request documents from a federal agency "pursuant to the agency's regulations," *id.*, one must determine whether the agency has what is known as "*Touhy* regulations"[3] authorized by 5 U.S.C. § 301, which set forth procedures the agency follows in response to demands for production or disclosure of information for state and federal court proceedings. A "*Touhy* request" is "a common tool for obtaining federal documents during state-court discovery." *Rimmer v. Holder*, 700 F.3d 246, 262 (6th Cir. 2012). The relevant regulations in this case would be the VA's *Touhy* regulations at 38 C.F.R. §§ 14.800-14.810 (Testimony of Department Personnel and Production of Department Records in Legal Proceedings) (Westlaw 2022).

If a federal agency refuses to produce requested information after a proper *Touhy* request, the state-court litigant seeking the information must file a collateral action in federal court under the APA. Apparently, that is what Plaintiff is seeking to do here. *Johnson v. ThyssenKrupp Elevator Corp.*, No. 19CV03009, 2019 WL 6217267, at *1 (E.D.N.Y. Nov. 15, 2019) (federal district court did "not have jurisdiction to enforce a subpoena against a federal employee in the absence of the federal agency's authorization. [The state-court litigant's] recourse is to comply with the [federal agency's] *Touhy* regulations, and once it does, to file a separate action in federal court if necessary challenging the VA's final decision under the APA."); *Beckett v. Serpas*, 2013 WL 796067, *4 (E.D. La. 2013) ("[I]f the agency refuses to produce the requested [discovery], the sole remedy for the state-court litigant is to file a collateral action in federal court under the APA."); *Santini v. Herman*, 456 F.

---

[3] *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) (upholding attorney general's refusal to disclose Department of Justice files, documents, records, and information pursuant to subpoena in habeas proceeding when agency had regulations constricting the custody, use, and preservation of records, papers, and property of the Department of Justice).

Supp. 2d 69, 71 (D.D.C. 2006) ("a court cannot enforce a subpoena against a federal agency employee when the agency has enacted valid *Touhy* regulations. When an agency has enacted *Touhy* regulations, the litigant must proceed under the Administrative Procedure Act"; neither state court nor federal district court had jurisdiction to enforce state-court subpoena when party seeking enforcement failed to comply with federal agency's *Touhy* regulations); 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2463.2 (3d ed. Westlaw 2022) ("[W]hen the federal agency is a nonparty and has not waived sovereign immunity, state courts and arbitrators lack jurisdiction to enforce a subpoena against a federal employee acting within her official capacity. . . . The only recourse for a state court litigant is to bring a separate action in federal court under the Administrative Procedure Act . . . to challenge the agency's decision not to comply.") (footnotes omitted); Zoe Niesel, *Terrible Touhy: Navigating Judicial Review of an Agency's Response to Third-Party Subpoenas*, 41 Cardozo L. Rev. 1499, 1535 (2020) ("state court litigants seeking information from a federal agency . . . . would first request the needed documents from the federal agency by following the *Touhy* regulations; essentially, making a '*Touhy* request.' . . . If, after reviewing the *Touhy* request, the agency refuses to produce, the requesting party can file a collateral action seeking review under the APA, or possibly pursue a mandamus action against the head of the agency.") (footnotes omitted).

While Plaintiff's Complaint is unclear regarding whether he complied with the VA's *Touhy* regulations before filing this lawsuit, that is a matter than can be addressed during motion practice.

### IV.  CONCLUSION

For purposes of initial review, Plaintiff has stated a plausible claim. Therefore, this action will proceed to service as against the Defendants. However, the court cautions Plaintiff that this is only a preliminary determination based on the allegations found within the Complaint. This is not a determination of the merits of Plaintiff's claims or potential defenses thereto. Accordingly,

5

IT IS ORDERED:

1. For service of process on the Defendants, the Clerk of Court is directed to complete three (3) summons forms and three (3) USM-285 forms for such Defendants using these addresses:

United States Attorney for the District of Nebraska
1620 Dodge Street, Suite 1400
Omaha, NE 68102-1506
Attn: Civil Process Clerk

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Kerrie Witty
Director of Lincoln Regional Office
U.S. Department of Veteran Affairs
3800 Village Drive
Lincoln, NE 68516

2. The Clerk of Court shall forward the summons forms and USM-285 forms together with three (3) copies of the Complaint (Filing 1) and three (3) copies of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve the United States at the above-listed addresses by:**

> **(A)(i)** deliver[ing] a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> **(ii)** send[ing] a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [and]

6

**(B)** send[ing] a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

Federal Rule of Civil Procedure 4(i).

3. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[4]

4. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process. The Clerk of Court shall set a case-management deadline accordingly.

DATED this 19th day of September, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

[4] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915).