IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DAVID H. JACOB,

            Petitioner,

vs.

KERRIE WITTY, Facility Head; and U.S. VETERANS ADMINISTRATION HOSPITAL,

            Respondents.

8:22CV135

**QUALIFIED PROTECTIVE ORDER**

In this action, the United States Department of Veterans Affairs (VA) will disclose certain documents and information that may be encompassed by the Health Insurance Portability and Accountability Act, 42 U.S.C. §§ 1320d-3120d-8 (HIPAA), and its implementing regulations (the Privacy Rule).  As part of the HIPAA regulations, the Privacy Rule requires the parties to follow specific requirements prior to the disclosure of Protected Health Information (PHI), as set forth in, but not limited to, Title 45, Sections 164.502 and 164.512(e) of the Code of Federal Regulations (C.F.R.) and contained in this Qualified Protective Order.

Respondents are asked to produce all medical records pertaining to Petitioner's father's mental health evaluations, medications and surgical procedures since 2000 while Petitioner's father was a patient with the VA.

In order to permit the disclosure of the sought information in a manner that is consistent with the HIPAA, and that does not provide undue public access, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure it is hereby ORDERED as follows:

    1. The Respondents may produce documents and information pertaining to Petitioner's State Court Subpoenas from both the matter of *David H. Jacob and Steven M. Jacob v. Carole S.*

*Bieniek and Robert F. Bieniek* pending in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, 2018 CH 1406 ("Illinois State Court action") and *David Jacob and Steven Jacob v. Carole Bieniek and Robert Bieniek* pending in the District Court of Lancaster County, Nebraska, MS21-48, specifically all medical records pertaining to mental health evaluations, medications and surgical procedures since 2000 for Petitioner's father, Virgil Jacob, all of which are hereby designated as "Confidential Information." The Respondents may redact dates of birth, social security numbers and any information subject to 38 U.S.C. §7332.

    2. All Confidential Information shall be used by Petitioner solely for purposes of this litigation and/or the "Illinois State Court action" previously described and more fully described below and shall be disclosed, provided that the disclosure is reasonably necessary to effectively prosecute or defend the litigation, by Petitioner only to the following persons or entities:

    a. the Illinois State Court parties and their attorneys in *David H. Jacob and Steven M. Jacob v. Carole S. Bieniek and Robert F. Bieniek* pending in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, 2018 CH 1406 ("Illinois State Court action");

    b. the Court and Court personnel in the Illinois State Court action;

    c. deponents and other persons properly present at a deposition in the Illinois State court action;

    d. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of the Illinois State Court action;

    e. mediators, facilitators, or other persons retained by the parties to assist in the resolution of the Illinois State Court action, and their staff;

    f. any person who previously received or authored the materials;

g. persons regularly employed or associated with the attorneys actively working on the Illinois State Court action;

h. treating medical providers, expert witnesses, and consultants retained in connection with the Illinois State Court action;

i. any other persons mutually agreed upon in writing by counsel for the parties to this particular case (i.e. the United States Attorney's Office) and not otherwise specified in this Protective Order; and

j. at hearings or trial of the Illinois State Court action.

3. All persons permitted access to Confidential Information by this order shall be bound by this order. All such disclosures made by Petitioner consistent with this Order, shall be accompanied by a copy of this Order.

4. Upon conclusion of the Illinois State Court action (including appeals), all records or copies of records provided by Respondents to Petitioner (except copies of documents accepted into evidence) protected by the terms of this Order shall within 60 days be returned to the Respondents by sending them to the US Attorney's Office in Omaha, Nebraska, Attention: Civil Chief, 1620 Dodge Street, Suite 1400, Omaha, Nebraska 68102. or destroyed by Petitioner. If destroyed by petitioner instead of returning them to Respondents, Petitioner shall certify to the destruction of such records to the US Attorney's Office in Omaha, Nebraska, Attention: Civil Chief, 1620 Dodge Street, Suite 1400, Omaha, Nebraska 68102.

5. This order is without prejudice to the rights of any party to make any objection to the designation of information as Confidential Information. If such an objection cannot be resolved without court intervention, the objecting party may bring the matter before this Court, treating the information as confidential until this Court renders a decision.

6. This order is without prejudice to the rights of any party to make any objection to the discovery of information permitted by the Federal Rules of Civil Procedure, or any statute or other authority.

7. Respondents' Motion for Protective Order (Filing 21) is granted.

DATED this 12th day of December, 2022.

BY THE COURT:

*Richard G. Kopf*
_____
Richard G. Kopf
Senior United States District Judge